UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:23-cr-00130

JASON TODD WEAVER,

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Jason Todd Weaver's Motion for Early Termination of the Remaining Term of Defendant's Probation [ECF 50], filed May 28, 2025.

**I.**

On April 12, 2024, following his guilty plea to embezzlement of funds by an officer of a labor organization, in violation of 29 U.S.C. § 501(c), Mr. Weaver was sentenced to five years probation, as well as certain monetary penalties. [ECF 36]. Mr. Weaver began serving his term of probation on April 12, 2024. On June 24, 2024, the Probation Officer assigned to Mr. Weaver's case filed a Noncompliance Summary, contending that Mr. Weaver had violated certain terms of his supervision by possessing and using marijuana. [ECF 41]. Although Mr. Weaver obtained the marijuana through a medical marijuana card issued by the West Virginia Office of Medical Cannabis, he acknowledged that marijuana is a controlled substance under federal law and agreed to discontinue using marijuana during his probation term. *See* [ECF 43]. On September 12, 2024, the Court admonished Mr. Weaver for his noncompliance. [ECF 49].

Mr. Weaver now moves for early termination of his probation term, citing his "good conduct over the past thirteen and a half months" and his desire to work as a commercial driver for a local business during Summer 2025. [ECF 50 at 2].

## II.

Pursuant to 18 U.S.C. § 3564, a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The relevant § 3553 factors include, inter alia, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability of the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to promote respect for the law, and to provide just punishment; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Weaver and the Probation Office, the Court concludes that early termination of Mr. Weaver's supervised release is not warranted. Mr. Weaver's criminal conduct was serious, spanning approximately five years at the detriment of the labor organization for which he served. However, Mr. Weaver has been on probation for approximately fourteen months, which constitutes less than a quarter of his total term as sentenced. The brevity of Mr. Weaver's supervision at this juncture is insufficient to afford adequate deterrence to criminal conduct, promote respect for the law, and provide just punishment. Although the Court acknowledges Mr.

Weaver's efforts at rehabilitation, including his payment of the full amount of restitution within a month of sentencing, the interests of justice do not warrant Mr. Weaver's requested relief.

### III.

For the foregoing reasons, Mr. Weaver's Motion [**ECF 50**] is **DENIED without prejudice**.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 6, 2025

Frank W. Volk
Chief United States District Judge